# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

FREDERICK KEITH COOK, Personal
Representative of the Estate of KENNIE
JOE COOK,

       Plaintiff,

v.                                                                       Case No. 07-CV-13291-DT

VISTEON CORPORATION,

       Defendant.
                                      /

SUSAN HOPKINS,

       Plaintiff,

v.                                                                       Case No. 07-CV-13381-DT

VISTEON CORPORATION, FORD
MOTOR COMPANY and AUTOMOTIVE
COMPONENTS HOLDINGS, LLC,

       Defendants.
                                       /

### OPINION AND ORDER GRANTING IN PART AND DENYING IN PART "DEFENDANT VISTEON CORP.'S MOTION TO ALLOCATE FAULT TO NON-PARTIES RANDALL SHERIDAN AND CLAMDIGGER, INC."

Pending before the court is Defendant Visteon Corporation's ("Visteon's") November 5, 2007 "Motion to Allocate Fault to Non-Parties Randall Sheridan and Clamdigger, Inc. (the "Clamdigger")," filed in both of the above-captioned cases. Plaintiffs Susan Hopkins and the estate of Kennie Cook filed a joint response to Visteon's motion. This motion has been fully briefed and the court heard oral argument

on December 13, 2007. For the reasons stated below, the court will grant in part and deny in part Visteon's motion.

## I. BACKGROUND

These cases arise out of a boating accident whereby a vessel owned by Randall Sheridan allided with a dock owned by Visteon. Hopkins and Cook were passengers on the vessel. Cook died shortly after the allision and Hopkins was injured. Both Plaintiffs settled with Sheridan, the owner of the boat, and filed suit against Visteon, the owner of the dock.[1]

Plaintiffs contend that Tiffany Whipple was driving during the allision, (Pls.' Resp. at 1); Visteon maintains that Sheridan operated the vessel at that time, (Visteon's Mot. Br. at 1). It is uncontested that Sheridan had been drinking at the Clamdigger, a seafood restaurant and lounge in Monroe, Michigan, and that his blood alcohol level exceeded .20 several hours after the allision. (*Id.*) Visteon posits that "[i]t seems very probable that Sheridan was visibly intoxicated at The Clamdigger and that The Clamdigger continued to serve alcoholic beverages to him even after he was visibly intoxicated." (*Id.* at 2.) Therefore, Visteon asserts that both Sheridan and the Clamdigger are potentially liable for the allision and seeks to allocate liability, and the responsibility to pay a portion of any damages award, to Sheridan and the Clamdigger. (*Id.* at 3.)

---

[1] Visteon is the only defendant in the 07-13291 case and one of three defendants in the 07-13381 case.

## II. DISCUSSION

Under federal maritime law, negligence liability is joint and several with pure comparative fault, which means that fault is allocated to all liable parties in proportion to their relative degree of fault and a culpable defendant is obligated to pay its share and that of any other liable parties who are uncollectable. *Edmonds v. Compagnie Gen. Transatlantique*, 443 U.S. 256, 271 n.30 (1979); *McDermott v. AmClyde*, 511 U.S. 213, 220 (1994). The Supreme Court has carved out one exception to this rule: if a culpable party is uncollectable because the plaintiff settled with that party, other culpable parties need not pay that uncollectable party's share of liability. *McDermott*, 511 U.S. at 220.

Visteon seeks to allocate fault to non-parties Sheridan and the Clamdigger because Visteon contends they are "settled parties under the proportionate share rule of maritime allocation of liability." (Visteon's Mot. at ¶ 1.) In their joint response, Plaintiffs agree that Visteon should be able to allocate fault to Sheridan but contests Visteon's ability to allocate fault to the Clamdigger because Plaintiffs did not settle with the Clamdigger and there is no legal support for allocating fault to a party Plaintiffs have not voluntarily settled with. (Pl.'s Resp. at 3-4.)

Visteon maintains that the same rationale that would allow it to allocate fault to Sheridan should allow it to allocate fault to the Clamdigger because Plaintiffs' voluntary choice to settle with Sheridan is materially similar to Plaintiffs' voluntary choice not to sue the Clamdigger under Michigan's Dram Shop Act before the statute of limitations ran. (Visteon's Mot. Br. at 9.) Although the court is sympathetic to Visteon's position, *McDermott* provides the only exception to maritime joint and several liability and, by its terms, *McDermott* does not apply to the Clamdigger because Plaintiffs did not

3

voluntarily settle with the Clamdigger. The court declines to extend *McDermott* to cover this case.

## III. CONCLUSION

IT IS ORDERED that Visteon's "Motion to Allocate Fault to Non-Parties Randall Sheridan and Clamdigger, Inc." [Case No. 07-13291, Dkt. # 10; Case No. 07-13381, Dkt. # 18] is GRANTED IN PART AND DENIED IN PART. Specifically, it is GRANTED as to Sheridan and DENIED as to the Clamdigger.

     S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 18, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 18, 2008, by electronic and/or ordinary mail.

     S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522